UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN WRIGHT,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendants.

Case No. C21-5017 RSL

REPORT AND RECOMMENDATION

Noted for March 12, 2021

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 4. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court deny plaintiff's application to proceed *in forma pauperis* and dismiss this action as frivolous.

BACKGROUND

Plaintiff alleges that he is bringing this action under the 1830 Treaty of Dancing Rabbit Creek. Dkt. 4-1. Plaintiff alleges that under the Treaty of Dancing Rabbit Creek the United States is obligated to give one representative position in the United States House of Representatives to a Choctaw tribal member. Dkt. 4-1 at 1. Plaintiff further states that he has declared his candidacy to be the Choctaw delegate to the United

States House of Representatives. Dkt. 4-1 at 1. Additionally, plaintiff contends that because he is the only declared candidate for the position of Choctaw delegate, the United States is obligated under the Treaty of Dancing Rabbit to recognize him as the Choctaw delegate to the United States House of Representatives. Dkt. 4-1 at 1.

Accordingly, plaintiff requests that the Court order the United States to officially recognize plaintiff as the Choctaw representative to the United States House of Representatives. Dkt. 4-1 at 3. Plaintiff further requests that the Court order the United States to give plaintiff the same rights, duties, and time to serve equal as other members of the United States House of Representatives. Dkt. 4-1 at 3.

## DISCUSSION

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [plaintiff] with notice of the deficiencies in his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

A. Sovereign Immunity

The United States, as a sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990). In order to maintain a civil action seeking to enforce a treaty against the United States, plaintiff must show an explicit waiver of sovereign immunity permitting such a suit. *W. Shoshone Nat'l Council v. United States*, 408 F. Supp. 2d. 1040, 1051-52 (D. Nev. 2005) citing *U.S. v. Seminole Nation*, 299 U.S. 417, 421-25 (1937), *Edye v. Robertson*, 112 U.S. 580, 598 (1884).

The 1830 Treaty with the Choctaw Nation, to which plaintiff cites, does not provide an explicit waiver of sovereign immunity permitting plaintiff's suit. 7 Stat. 33. Plaintiff does not cite to any explicit waiver of the United State's sovereign immunity. Accordingly, the Court should dismiss plaintiff's complaint because sovereign immunity bars plaintiff's claims.

B. Subject Matter Jurisdiction

A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006). If there is no basis for federal subject matter jurisdiction, the court must

dismiss the complaint in its entirety. *Id.* Federal subject-matter jurisdiction exists under: (1) diversity jurisdiction and (2) federal-question jurisdiction. U.S. Const. Art. III §2, cl. 1; 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1331, district courts have subject matter jurisdiction over all actions arising under the Constitution, laws or treaties of the United States. Pursuant to 28 U.S.C. § 1332(a), district courts have subject matter jurisdiction over civil actions where, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between (1) Citizens of different States […]"

First, the Court does not have diversity jurisdiction over plaintiff's claims because Section 1332 does not confer jurisdiction for claims against the United States. 28 U.S.C. § 1332. Additionally, plaintiff's complaint does not seek monetary compensation and therefore does not meet the $75,000 jurisdictional minimum amount in controversy. 28 U.S.C. § 1332.

"Treaties of the United States rarely bear such a direct relationship to a private claim that the claim may be said to "arise under" the treaty as required by § 1331." *Handel v. Artukovic*, 601 F. Supp. 1421, 1425 (C.D. Cal. 1985) citing Wright, Miller & Cooper, Federal Practice & Procedure-Jurisdiction § 3562 (1984). A treaty is only susceptible to judicial enforcement if it is both self-executing and confers individual rights. *Cornejo v. County of San Diego*. 504 F.3d 853. 856 (9th Cir. 2007).

When construing a treaty, the Court must look to the terms of the treaty to determine its meaning. *Cornejo*, 504 F.3d at 858. Treaties customarily confer rights upon the States that are parties to them and are only construed to confer enforceable individual rights when such rights are explicitly expressed in the treaty. *Id* at 859.

Plaintiff's complaint cites to Article XXII of the 1830 Treaty with the Choctaw Nation which states:

> The Chiefs of the Choctaws who have suggested that their people are in a state of rapid advancement in education and refinement, and have expressed a solicitude that they might have the privilege of a Delegate on the floor of the House of Representatives extended to them. The Commissioners do not feel that they can under a treaty stipulation accede to the request, but at their desire, present it in the Treaty, that Congress may consider of, and decide the application.

7 Stat 333 at Article XXII.

This provision of the treaty does not expressly confer individual rights and does not create the private right of action that plaintiff seeks to enforce. The remaining provisions of the treaty do not create a private right of action allowing an individual to seek recognition as a member of the United States House of Representative under the treaty. Additionally, plaintiff does not cite to any other treaty or statute creating such a private right of action. Therefore, the Court does not have subject matter jurisdiction over plaintiff's claims under 28 U.S.C. § 1331.

Based on the foregoing, the Court lacks subject matter jurisdiction to properly hear plaintiff's claims.

C. Leave to Amend

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff cannot amend the complaint to cure the deficiencies identified herein because plaintiff's complaint is barred by sovereign immunity and the Court lacks the proper subject matter jurisdiction to hear the case. Therefore, leave to amend should be denied as amendment would be futile.

CONCLUSION

For the foregoing reasons, the undersigned recommends that plaintiff's application to proceed *in forma pauperis* should be denied and plaintiff's complaint should be dismissed as frivolous.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on March 12, 2021, as noted in the caption.

Dated this 26th day of February, 2021.

Theresa L. Fricke
United States Magistrate Judge